IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES F. COBURN and
KARLA M. COBURN,

    Plaintiffs,

v.                                      Civil Action No. 5:07CV23
                                              (STAMP)

C&K INDUSTRIAL SERVICES,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

I.    Background

Plaintiffs, James F. Coburn and Karla M. Coburn, in the above styled civil action assert a "deliberate intention" claim under the West Virginia Workers' Compensation Act for injuries that plaintiff James F. Coburn suffered during a workplace incident while working for the defendant, C & K Industrial Services, Inc ("C & K"). Plaintiffs also assert derivative claims relating to Mr. Coburn's injuries.

Defendant, C & K, moves to dismiss for failure to state a claim upon which can be granted, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to convert the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. C & K contends that Mr. Coburn is not an eligible employee under the West Virginia Workers' Compensation Act; that C & K is not subject to West

Virginia's workers' compensation system; and that Pennsylvania law, which does not recognize a deliberate intention cause of action, applies to the plaintiffs' claims. The motion has been fully briefed by the parties. Following review of the defendant's motion, and the responses and replies thereto, this Court finds that the defendant's "Motion to Dismiss Complaint" (hereinafter "motion to dismiss") must be denied for the reasons stated below.

## II. Facts and Procedural History

Plaintiffs, James F. Coburn and Karla M. Coburn, are residents of the State of West Virginia. C & K is an Ohio corporation which provides labor and cleaning services to clients located in, among other places, Ohio, Pennsylvania, and West Virginia. At the time of the incident giving rise the plaintiffs' action, Mr. Coburn worked for C & K at various locations throughout Ohio, Pennsylvania, and West Virginia, including the Wheeling-Pittsburgh Steel facility in Brooke County, West Virginia. On or about February 3, 2005, while working for C & K at the Wheeling-Pittsburgh Steel facility, Mr. Coburn suffered serious injuries to the left side of his upper body when his hand, arm, and shoulder were sucked into a vacuum hose that he was attempting to unclog. Subsequently, C & K filed a workers' compensation claim on Mr. Coburn's behalf in Pennsylvania.

The plaintiffs allege that Mr. Coburn's workers' compensation claim could have and should have been filed in West Virginia; that

pursuant to a union contract, C & K was required to file the claim in Ohio; and that, without Mr. Coburn's knowledge, C & K filed the claim in Pennsylvania to avoid suit on a deliberate intent claim under Ohio or West Virginia law. Accordingly, the plaintiffs filed a civil complaint in the Circuit Court of Brooke County, West Virginia, on or about October 23, 2006.

The defendant then removed the action to this Court and thereafter filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiffs then filed a memorandum opposing the defendant's motion to dismiss. Plaintiffs' counsel also filed an affidavit asserting the need to conduct discovery to determine certain facts essential for challenging some of the representations the defendant made in its motion.

### III. Legal Standards

A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the

plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the

4

complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

B.   Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial --

whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Employee's Eligibility for Coverage under West Virginia's Workers' Compensation Act

C & K contends that the West Virginia Worker's Compensation Act, which provides a "deliberate intention" exclusion from immunity from suit for injury or death, does not apply to Mr. Coburn's claim because Mr. Coburn is not an eligible employee under the statute.

The West Virginia Workers' Compensation Act ("the Act") provides, in relevant part:

> (a) Employees subject to this chapter are all persons in the service of employers and employed by them for the purpose of carrying on the industry, business, service or work in which they are engaged, including, but not limited to:
>
> (1) Persons regularly employed in the state whose duties necessitate employment of a temporary or transitory nature by the same employer without the state[.]

W. Va. Code Ann. § 23-2-1a(a)(1) (2005).

Although the statute does not define the term "regularly employed" in § 23-2-1a, the section describing which employers are subject to the Act states that "'[r]egularly employing' or 'regular employment' means employment by an employer which is not a casual employer under this section." W. Va. Code Ann. § 23-2-1(i) (2005). The term "casual employer" is in turn defined in § 23-2-1(b)(4): "An employer is a casual employer when the number of his or her employees does not exceed three and the period of

7

employment is temporary, intermittent and sporadic in nature and does not exceed ten calendar days in any calendar quarter." W. Va. Code Ann. § 23-2-1(b)(4) (2005).

The Supreme Court of Appeals of West Virginia, in <u>McGilton v. U.S. Xpress Enterprises, Inc.</u>, 591 S.E.2d 158 (W. Va. 2003) ("<u>McGilton</u>"), provides additional guidance on an employee's eligibility for coverage under the Act. According to <u>McGilton</u>, an employee's regular employment is only one factor that must be taken into account:

> Where the worker is injured in West Virginia and the employer is a foreign corporation or business, . . . five factors . . . must be considered in assessing whether the worker is covered: (1) whether the employer obtained authorization to do business in West Virginia; (2) whether the employer operated a business or plant or maintained an office in West Virginia; (3) whether the injured employee was hired in West Virginia; (4) whether the employer regularly hired other West Virginia residents to do work at a West Virginia facility or office; and (5) whether the employee in question worked on a regular basis at a West Virginia facility for the employer prior to the injury.

<u>Id.</u> at 160-61.

The plaintiffs' complaint alleges that C & K is an Ohio corporation that does business in West Virginia and that Mr. Coburn is a West Virginia resident who was employed by C & K in West Virginia at the time of his injuries. Accepting as true the plaintiffs' factual allegations in their complaint, as this Court must on a motion to dismiss for failure to state a claim, this Court finds that the plaintiffs have pled sufficient facts

8

regarding Mr. Coburn's eligibility for coverage under the West Virginia Workers' Compensation Act to support a valid claim for relief.

In their "Response to Defendant's Motion to Dismiss Complaint" and the accompanying affidavits, the plaintiffs make additional contentions that Mr. Coburn qualifies as an eligible employee under the West Virginia Workers' Compensation Act. The plaintiffs claim that, at all times relevant, C & K was authorized to do business in West Virginia; that C & K maintained an office in the home of one of its employees in Morgantown, West Virginia; that Mr. Coburn was in fact hired in West Virginia because, even though the defendant interviewed Mr. Coburn in Pennsylvania, the defendant telephoned the plaintiff at his home in West Virginia and informed him that he was hired; that C & K employed "more than a couple of West Virginia residents" at the time of Mr. Coburn's injury; and that Mr. Coburn worked regularly in West Virginia for C & K prior to his injury. The allegations in the plaintiffs' pleadings and the affidavits filed in support thereof present genuine issues of material fact on the question of Mr. Coburn's eligibility under the West Virginia Workers' Compensation Act.

B. <u>Employer's Subjection to the West Virginia Workers' Compensation Act</u>

C & K also argues that Mr. Coburn is not an eligible employee because C & K is not an employer subject to the West Virginia

workers' compensation system.  Section 23-2-1(a) of the West Virginia Workers' Compensation Act states that

> all persons, firms, associations and corporations regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in [West Virginia] [ ] are employers within the meaning of this chapter are required to subscribe to and pay premium taxes into the workers' compensation fund for the protection of their employees.

W. Va. Code Ann. § 23-2-1(a) (2005).

In support of its assertion that it is not subject to West Virginia's workers' compensation plan, C & K cites to a portion of the West Virginia Code, § 23-2-1(b)(3), which identifies those employers who may, but are not required to, participate in the state's workers' compensation scheme.  That section provides that "[e]mployers of employees while the employees are employed without the state except in cases of temporary employment without the state" may elect to subscribe to the workers' compensation fund of West Virginia but are not required to do so.  W. Va. Code Ann. § 23-2-1(b)(3) (2005).

In Van Camp v. Olen Burrage Trucking, Inc., the Supreme Court of Appeals of West Virginia identified the same relevant factors for determining whether a corporation is subject to the West Virginia Workers' Compensation Act as it later did in McGilton, supra, for determining whether an employee was eligible for coverage under the Act.  Van Camp v. Olen Burrage Trucking, Inc., 401 S.E.2d 913, 916 (W. Va. 1991).  In Van Camp, the court held:

> [T]he following factors are dispositive of the issue of whether an employer must subscribe to the Fund pursuant to W. Va. Code § 23-2-1: (1) whether the employer obtained authorization to do business in West Virginia; (2) whether the employer operates a business or plant or maintains an office in West Virginia; (3) whether the injured employee was hired in West Virginia; (4) whether the employer regularly hires other West Virginia residents to work at a West Virginia facility or office; and, (5) whether the employee in question worked on a regular basis at a West Virginia facility for the employer prior to the injury at issue.

Id.

As discussed above, the plaintiffs' pleadings, and affidavits in support thereof, raise genuine issues of material fact regarding Mr. Coburn's eligibility under the West Virginia Workers' Compensation Act; because the same factors are at issue regarding the question of whether C & K was required to participate in the state's workers' compensation scheme, genuine issues of material fact exist as to C & K's subjection to the West Virginia Workers' Compensation Act.

C.  Application of Pennsylvania Law to Plaintiffs' Claims

C & K maintains that Pennsylvania law should apply to the plaintiffs' claims regardless of Mr. Coburn's residency status. Citing Gallapoo v. Wal-Mart Stores, 475 S.E.2d 172 (W. Va. 1996), the defendant maintains that Mr. Coburn's rights as an injured worker are governed exclusively by Pennsylvania law, which does not recognize a deliberate intention cause of action. Gallapoo construed the provisions of the West Virginia Workers' Compensation Act governing "the rights and privileges of a non-resident employee

11

working in West Virginia who is eligible to receive, and does receive, compensation benefits in another state." Gallapoo, at 175; W. Va. Code § 23-2-1c(c). Section 23-2-1c(c) provides:

> If the employee is a resident of a state other than this state and is subject to the terms and provisions of the workers' compensation law or similar laws of a state other than this state, the employee and his or her dependents are not entitled to the benefits payable under this chapter on account of injury, disease or death in the course of and as a result of employment temporarily within this state, and the rights of the employee and his or her dependents under the laws of the other state shall be the exclusive remedy against the employer on account of any injury, disease or death.

W. Va. Code Ann. § 23-2-1c(c) (2005).

The court in Gallapoo, relying on the principles of comity, found that West Virginia's Workers' Compensation Act did not cover an employee who was a resident of another state, who was temporarily employed in West Virginia, who was injured in West Virginia, and who was covered by the workers' compensation act of the other state. Gallapoo, at 175. As C & K admits, however, the employee in Gallapoo was a non-resident of West Virginia, whereas Mr. Coburn is a resident. Further, the question of what category of employee Mr. Coburn was in West Virginia at the time of his injury remains disputed. C & K's position would extend Gallapoo to exclude West Virginia residents who are injured within the state from coverage under the Act if such employees are covered by the workers' compensation scheme of another state. Such a position would directly conflict with § 23-2-1c(d) of the Act, which

12

provides that recovery under the workers' compensation laws of another state shall be credited against the amount of benefits paid under the West Virginia statute. Specifically, this section states:

> If any employee or his or her dependents are awarded workers' compensation benefits or recover damages from the employer under the laws of another state for an injury received in the course of and resulting from the employment, the amount awarded or recovered, whether paid or to be paid in future installments, shall be credited against the amount of any benefits payable under this chapter for the same injury.

W. Va. Code Ann. § 23-2-1c(d) (2005).

The statute thus provides for instances where an employee receives benefits both under an out-of-state workers' compensation plan and under the West Virginia Workers' Compensation Act.

Because the plaintiffs have alleged sufficient facts in their pleadings and the accompanying affidavits to support their claim that Mr. Coburn is an eligible employee under the West Virginia Workers' Compensation Act and that C & K is subject to the Act, this Court declines to find at this stage of the proceedings that Pennsylvania law applies to plaintiffs' claims.

D.  <u>Necessity of Discovery</u>

Finally, plaintiffs' counsel has filed an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. In that affidavit, plaintiffs' counsel asserts that the discovery process is necessary for determining certain facts in this case. This

13

Court agrees that the discovery process should proceed to allow both parties to ascertain the relevant facts in this case.

V. Conclusion

For the above stated reasons, the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 24, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE